```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

SHIRLEY K. GOSLEE, WIFE                CIVIL ACTION
OF/AND JOHN GOSLEE

VERSUS                                 NO. 06-7492

ALLSTATE INSURANCE COMPANY,            SECTION "R"(5)
LABORDE AGENCY, LLC AND
ABC INSURANCE COMPANY


     This order also applies to the following civil action.

LARRY AND ARLENE SAMBO                 CIVIL ACTION

VERSUS                                 NO. 06-7714

ALLSTATE INSURANCE COMPANY             SECTION "R"(5)
AND RONALD C. GUIDRY, SR.


### ORDER AND REASONS

     Before the Court are unopposed motions for summary judgment in the above-listed cases.  Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for the sake of efficiency.  For the following reasons, the Court GRANTS defendants' motions.

## I.   BACKGROUND

Plaintiffs in these cases are Louisiana property owners who suffered damage to their property during Hurricane Katrina and who have sued their insurance providers under their homeowner's and/or flood policies.  Plaintiffs in the actions listed above have sued both their insurance providers and the agents who sold and/or renewed their policies.  The agents in both of these matters now move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because they assert that the undisputed facts show that plaintiffs' claims against them are perempted under La. Rev. Stat. § 9:5606.  For the following reasons, the Court finds that the agents are entitled to judgment as a matter of law in their favor.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v.*

*Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.  06-7492: Goslee v. Allstate**

Plaintiffs Shirley and John Goslee sued Allstate, their homeowner's insurer, and the Laborde Agency, their insurance agent, after Hurricane Katrina damaged their property.  Laborde

contends that there is no reasonable basis on which plaintiffs can state a claim under Louisiana law against it. Specifically, Laborde asserts that plaintiffs' claims against the agency are perempted by the terms of La. Rev. Stat. § 9:5606. The statute provides as follows:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606. Under the express terms of the statute, regardless of whether plaintiffs sued within one year of discovering their cause of action, the claims are still perempted if plaintiffs do not bring it within three years of the act, omission, or neglect. La. Rev. Stat. § 9:5606. Further, peremptive statutes are not subject to suspension. *Reeder v. North*, 701 So. 2d 1291 (La. 1997).

Based on the allegations set forth in plaintiffs' state court petition, the Court finds that the Goslees' claims against Laborde are perempted. The unrebutted evidence demonstrates that Allstate's homeowner's policy was initially issued in June 1986.

4

(R. Doc. 14-6). The homeowner's policy has not changed since June 1992, when plaintiffs' dwelling coverage was reduced at their request, except to be renewed each successive year. (*Id.*). Additionally, plaintiffs purchased an Allstate flood policy in 1986, but it was canceled in 1993. (*Id.*). Plaintiffs allege in their petition that Laborde failed to advise them of the availability or need for additional flood coverage and that Laborde directly or indirectly informed them that their policy would cover "all hurricane damages." (R. Doc. 1-2, at 5-6). Since plaintiffs allege misrepresentations were made in connection with the issuance of their homeowner's policy, Laborde's alleged misconduct occurred, at the latest, in June 1992 when it made the most recent change to plaintiffs' homeowner's policy. There are no allegations in the original petition of any subsequent misrepresentations in connection with renewals. Accordingly, the renewals do not operate to restart peremption. *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004) (peremptive period ran from the date of purchase because the renewal process did not afford the insurance agent the opportunity to make further misrepresentations about the policy); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003) (same). Plaintiffs' claims against Laborde, which were filed in

state court on August 28, 2006, are therefore barred by the three-year peremption of La. Rev. Stat. § 9:5606.

As such, the Court finds that, based on these undisputed facts, plaintiff does not have a reasonable possibility of recovery against Laborde.  Summary judgment is thus appropriate as to plaintiffs' claims against Laborde.

**B.  06-7714: Sambo v. Allstate**

Plaintiffs Larry and Arlene Sambo sued Allstate, their flood insurer, and Ronald C. Guidry, Sr., their insurance agent, after their home was flooded as a result of Hurricane Katrina.  Guidry contends that there is no reasonable basis on which plaintiffs can state a claim under Louisiana law against him.  Specifically, Guidry asserts that plaintiffs' claims against him are perempted by the terms of La. Rev. Stat. § 9:5606, *supra*.

The Court finds that plaintiffs' claims are perempted under any viable legal theory.  Plaintiffs contend in their state court petition that Guidry was negligent in failing to increase the coverage limits on their flood policy to equal those on their homeowner's policy.  (R. Doc. 17-4).  Plaintiffs do not assert that they requested Guidry to do so.  (*Id.*).  In response, Guidry submitted an unrebutted affidavit that plaintiffs purchased both their homeowner's and flood policies in 1991 and renewed the

policies every year thereafter.  (R. Doc. 17-5).  Plaintiffs filed suit on August 30, 2006.  Plaintiffs' claims are therefore subject to the three-year peremption provided in La. Rev. Stat. § 9:5606.  That the policy was renewed each year does not alter this result.  Subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase.  *See Biggers*, 886 So. 2d at 1182-83; *Bel*, 845 So. 2d at 382-83; *see also Bordelon v. The Indep. Order of Foresters*, 2005 WL 3543815 at *3 (E.D. La. 2005).

Since plaintiffs' claims against Guidry are perempted based on the undisputed facts before the Court, they do not have a reasonable possibility of recovery against him.  The Court therefore concludes that Guidry is entitled to summary judgment as to plaintiffs' claims against him.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions for summary judgment.

New Orleans, Louisiana, this 20th day of April, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE